440 A.2d 556

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel John WESTERFER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1981.

Filed Jan. 19, 1982.

460

Frederick W. McBrien, III, Norristown, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

On September 19, 1979, between the hours of 6:00 a. m. and 5:00 p. m., the residence of George Herman at 1321 Arrowmink Road, Villanova, Lower Merion Township, Montgomery County, was burglarized. Less than one mile from the Herman residence, on the same day, between 2:45 p. m. and 3:45 p. m., the home of Robert P. Barry at 1400 Lafayette Road, Lower Merion Township, was also burglarized. Latent fingerprints were discovered in both homes and lifted by the Lower Merion Township police for future comparison.

One week later, on September 25, 1979, Daniel John Westerfer was arrested in Lower Merion Township, Montgomery County, and charged with offenses committed in Radnor Township, Delaware County. Immediately following his arrest, Westerfer was fingerprinted. A subsequent comparison of appellant's fingerprints with those found in the Herman and Barry residences disclosed that they were identical. On December 5, 1979, Detective William C. Boegly of the Lower Merion Township Police Department obtained a warrant for Westerfer's arrest. It was executed on December 6, 1979, at the Montgomery County Prison. Westerfer was subsequently tried and convicted of burglarizing the Herman residence. Post trial motions were dismissed, and a sentence of imprisonment of not less than 7½ years nor more than 15 years was imposed. This direct appeal followed.

■ Appellant's first contention is that his arrest on December 6, 1979, should have been quashed because the Commonwealth failed to deliver to him a copy of the affidavit of probable cause which was the basis for the arrest warrant.

He concedes that the Rules of Criminal Procedure contain no such requirement but argues that arrest warrants and search warrants serve so similar a purpose that the rules applicable to the latter should also be applied to the former. It follows, he argues, that there should be applied to the execution of arrest warrants the requirement of Pa.R. Crim.P. 2008(a). This rule provides:

> "A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt, for the property seized. A copy of the warrant and affidavit(s) must be left whether or not any property is seized."

Appellant's argument must be rejected. It is not for this Court to rewrite the Rules of Criminal Procedure and add requirements for the execution of an arrest warrant which the Supreme Court has deemed unnecessary.

Moreover, the analogy suggested by appellant is defective. The constitutional requirements for a valid arrest can readily be distinguished from the constitutional requirements for a lawful search. Warrantless searches are *per se* unreasonable absent "exigent circumstances," *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), *reh. denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971). Unlike a search warrant, an arrest warrant is not a constitutional prerequisite to an arrest. *United States v. Miles*, 468 F.2d 482, 486 (3rd Cir. 1972). The only constitutional requirement for a valid arrest for the commission of a felony is that the arresting officer have probable cause to believe that the person arrested committed it. *United States v. Watson*, 423 U.S. 411, 423–24, 96 S.Ct. 820, 827–28, 46 L.Ed.2d 598, 608–09 (1976), *reh. denied*, 424 U.S. 979, 96 S.Ct. 1488, 47 L.Ed.2d 750 (1976); *Draper v. United States*, 358 U.S. 307, 310–311, 79 S.Ct. 329, 331, 3 L.Ed.2d 327, 330 (1959). This Court previously declined "to adopt a rule that would require copies of warrants to be issued to all police officers or allow only the police officer in

possession of a warrant to make a legal arrest," *Commonwealth v. Gladfelter*, 226 Pa.Superior Ct. 538, 540 n. 3, 324 A.2d 518, 519–520 n. 3 (1974). We will not now adopt a rule requiring both a warrant and an affidavit of probable cause to be delivered to an arrestee by ·the arresting officer. Appellant's argument that his arrest on December 6, 1979, should be quashed is without merit.

As a general rule, "the Commonwealth cannot introduce evidence of a different crime committed by the defendant because the fact of commission of one crime is not proof of the commission of another, and because such evidence is so prejudicial that it strips a defendant of the presumption of innocence. Evidence of other crimes is admissible, however, when the evidence tends to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or, (5) the identity of the person charged with the crime on trial. In other words, evidence of a prior criminal act is admissible where there is such a logical connection between the prior criminal act and the crime currently on trial that proof of one naturally tends to show that the accused is the person who committed the other." *Commonwealth v. Brown*, 280 Pa.Superior Ct. 303, 307, 421 A.2d 734, 736 (1980) (citations omitted).

█ The evidence of the Barry burglary was so closely linked to the Herman burglary that it became part of a common scheme or plan of which the Herman burglary was one part. The two offenses were committed the same day less than a mile apart. In addition to the date and location of the two burglaries, it was shown that both homes had been professionally ransacked; in both instances the valuables had been carried away in pillow cases; and in both residences, silver plate objects had been left behind while solid silver items had been taken. Most significantly, appellant's fingerprints were found at the sites of both burglaries. Finally, cigarette ashes were left in both homes, and a Salem cigarette butt was found in the Barry home. Appellant was shown to smoke Salem cigarettes.

This correlation of details between the two burglaries, including the fingerprint evidence, established a "logical connection" between the two crimes. Evidence of the Barry burglary, therefore, was properly admitted in the trial of appellant for the Herman burglary. See and compare: *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Bastone*, 262 Pa.Superior Ct. 590, 396 A.2d 1327 (1979).

■ Finally, appellant complains that the trial court refused to hear a motion to suppress the fingerprint exemplars taken from appellant on September 25, 1979, on the grounds that his arrest had been illegal. The Commonwealth concedes that the trial court refused to hear testimony pertaining to the lawfulness of the arrest, holding that the issue had been waived by appellant's failure to challenge the lawfulness of the arrest in the criminal proceeding commenced against him in Delaware County. This was error.

■ In *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), the Supreme Court held that fingerprint evidence was subject to the proscriptions of the Fourth and Fourteenth Amendments of the Constitution. Consequently, fingerprint exemplars obtained as a result of an unlawful arrest and detention are subject to the exclusionary rule and must be suppressed. Compare: *Commonwealth v. Lowenberg*, 481 Pa. 244, 253, 392 A.2d 1274, 1278 (1978); *Commonwealth v. Jefferson*, 445 Pa. 1, 8, 281 A.2d 852, 856 (1971).

■ Appellant's right to challenge the lawfulness of the detention during which his fingerprints were taken in the instant proceedings was not waived by his failure to challenge the lawfulness of his arrest in the criminal proceedings brought against him in Delaware County. The two proceedings were separate and had been commenced in different jurisdictions. Neither appellant nor his Montgomery County counsel was bound by the strategy adopted or the oversights committed by appellant or his counsel in Delaware County.

We are constrained to conclude, therefore, that the trial court should have heard evidence pertaining to appellant's

pre-trial motion to suppress the fingerprint exemplars obtained from him following his arrest and detention on September 25, 1979.[1]

For this reason, we vacate the judgment of sentence and remand the record to the trial court for an evidentiary hearing on appellant's pre-trial application to suppress fingerprint evidence on the grounds that it was the fruit of an unlawful arrest and detention. If the trial court determines that the challenged evidence was obtained under constitutionally permissible circumstances, it should reinstate the judgment of sentence and appellant may file a new appeal. However, if the trial court determines that the challenged evidence is subject to suppression, then a new trial shall be granted.

It is so ordered.

1. Several months after argument of this appeal, the Commonwealth filed an application to submit a post-argument communication in the nature of evidence presented in another, separate proceeding. This evidence was not a part of the record in the instant case and apparently had not been considered by the trial court in these proceedings. This was an improper request and was denied.