449 A.2d 42

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Riley LARKINS, Jr., a/k/a Darrell Harris, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal Denied Dec. 3, 1982.

Shad Connelly, Assistant District Attorney, Erie, for the Commonwealth, appellant.

Carnela Presogna, Erie, for appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

■ Riley Larkins, Jr. was tried by jury and convicted of two counts of rape, two counts of robbery, three counts of assault and one count of criminal attempt. The charges arose out of three separate, early morning assaults on young women in Erie County during August, 1977. Prior to trial the court had granted a Commonwealth motion to consolidate the informations for trial, so that one trial included all charges arising from the three incidents. Following conviction, Larkins filed motions for new trial and in arrest of judgment. The court, sitting en banc, concluded that the informations had been improperly consolidated for trial and awarded a new trial. The Commonwealth appealed.[1] We reverse.

On August 4, 1977, at approximately 2:30 a. m., Nancy Elizabeth Alexander was assaulted and raped by a black male who had entered her home at 156 West Second Street in the City of Erie while she was asleep in the living room. The assailant wore a stocking over his head which concealed his face. Ms. Alexander, therefore, was unable to identify Larkins as her attacker. However, she did testify that her assailant, who was wearing leather gloves, attacked her from behind and dragged her into the bedroom, where the forced sexual act took place. Following her attacker's departure from the apartment, Ms. Alexander realized that her pocketbook was missing and had been taken.

1. The prosecution may appeal an order granting a motion for a new trial where the question involved is one of law. Pa.R.A.P. 311(a)(5). See Commonwealth v. White, 482 Pa. 197, 199 n.2, 393 A.2d 447, 448–449 n.2 (1978). The question in the instant case is one of law, i.e., whether the informations were properly consolidated.

On August 19, 1977, at approximately 5:00 a. m., Lorraine Griffin was returning to her home in the vicinity of Fifth and Liberty Streets in Erie. As she approached the front entrance to her home, she was attacked from behind by a black male wearing a leather glove. He grabbed her purse and dragged her into the back yard, where he removed her clothes and engaged in a struggle with her. He departed hastily when a neighbor with a gun entered the yard.

On August 26, 1977, at approximately 5:30 a. m., as she left for work from her apartment at 400 Joshua Drive in Erie, Mrs. Deborah Stahlman was assaulted from behind by a black man wearing a black leather glove. As he dragged her into a nearby field he told her that all he wanted was her purse. Nonetheless, he pulled down her slacks and undergarments and raped her. Mrs. Stahlman identified Riley Larkins as her assailant.

A subsequent search of Larkins' apartment, conducted by members of the Erie and Millcreek Township Police Departments, together with a member of the Pennsylvania State Police, produced the pocketbooks of two of the victims. They were found in a hole in an attic crawl space immediately adjacent to and easily accessible from Larkins' apartment. In conversation with Officer Wittenburg of the Millcreek Township Police Department and Trooper Lococo of the Pennsylvania State Police, Larkins admitted generally his involvement in a series of rapes which had occurred in the Erie area during the late summer of 1977. He admitted specifically the rape of Mrs. Stahlman. He further indicated that he had taken the purses of his victims, discarding some and retaining others.

As a general proposition, the grant or denial of a severance or the consolidation of charges for trial is a matter of discretion with the trial judge, and his decision will be reversed only for manifest abuse of discretion or prejudice to the defendant. *Commonwealth v. Peterson*, 453 Pa. 187, 193, 307 A.2d 264, 267 (1973); *Commonwealth v. Patrick*, 416 Pa. 437, 445, 206 A.2d 295, 298 (1965). The standard for exercising discretion in such matters was

recently addressed by the Supreme Court in *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981). Noting that earlier decisions had evidenced a divergence of views among members of the Court concerning the circumstances under which consolidation was appropriate,[2] the Court held that offenses may be joined or informations consolidated for trial where the separate offenses demonstrate an unusual or distinctive *modus operandi*. This appears where " 'crimes of the accused [are] so nearly identical in method as to earmark them as the handiwork of the accused.' " It requires more than the mere repeated commission of crimes of the same class. " 'The device used must be so unusual or distinctive

**2.** In *Commonwealth v. Peterson, supra,* a plurality of the Court determined that consolidation was proper so long as the evidence of each offense would be admissible at a trial of the other *or* the evidence was capable of separation by the jury so that the danger of confusion was not present. A Concurring Opinion by Justice Pomeroy would have restricted consolidation to those cases where evidence of one offense would be admissible as part of a common plan, scheme or design, at a trial of the other. The dissenting justices adhered to the view, accepted in the American Bar Association Standards Relating to Joinder and Severance, that where a defendant has been charged with separate and distinct offenses he should have a right to severance. Again in *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1975) (Opinion in Support of Affirmance) the Supreme Court affirmed an order consolidating indictments charging the defendant with a series of burglaries and related offenses in rural Mercer County. There, evidence of each offense would have been admissible at a separate trial of each. Furthermore, the evidence relating to each offense was relatively simple and the risk of confusing the jury minimal. However, the lines of division as to the proper standard remained apparent. Because of an inability prior to *Morris, supra,* to ascertain with certainty the Pennsylvania rule on consolidation, numerous decisions of the Superior Court employed a two prong test, combining the considerations presented as alternatives in *Peterson, supra,* and finding consolidation proper where (1) the facts and elements of the two crimes were easily separable in the minds of a jury; *and* (2) the crimes were such that the commission of one would be admissible as evidence in a separate trial for the other. *See e.g., Commonwealth v. Finnegan,* 280 Pa.Super. 584, 421 A.2d 1086 (1980); *Commonwealth v. Vickers,* 260 Pa.Super. 469, 394 A.2d 1022 (1978); *Commonwealth v. Taylor,* 259 Pa.Super. 484, 393 A.2d 929 (1978); *Commonwealth v. Rhodes,* 250 Pa.Super. 210, 378 A.2d 901 (1977); *Commonwealth v. Jones,* 242 Pa.Super. 303, 363 A.2d 1281 (1976); *Commonwealth v. Terrell,* 234 Pa.Super. 325, 339 A.2d 112 (1975); *Commonwealth v. Irons,* 230 Pa.Super. 56, 326 A.2d 488 (1974).

as to be like a signature.' " *Id.*, 493 Pa. at 176, 425 A.2d at 720, quoting from McCormick on Evidence, § 190, at 449 (2d Ed. 1972). Consequently, consolidation of charges is proper only where evidence of one offense would be relevant and admissible in a trial for the other even in the absence of joinder.

In *Commonwealth v. Morris, supra,* two robberies had occurred under similar circumstances in elevators of adjoining buildings in the same housing project. The robberies had taken place only five days apart at approximately the same time of day and involved women accompanied by small children. The perpetrator had demanded money from his victim, and in each instance had searched her undergarments for hidden money before escaping through a passageway into an adjoining housing project. Under these circumstances the Court found that "[t]he similarity in the timing, implementation and even the plan of escape of each robbery provides the distinctive and unusual *modus operandi* which would justify the conclusion that the perpetrator of one was the perpetrator of the other. It is difficult to conceive of any situation where the propriety of joinder could be clearer." *Id.*, 493 Pa. at 177, 425 A.2d at 721. Consolidation, therefore, was approved.

When we view the similarities of the three offenses for which appellant was tried in this case, we are persuaded that consolidation was proper. In each instance the charges arose from a combined assault, robbery and rape or attempted rape. All occurred within a period of approximately three weeks in August, 1977, during early morning hours. They took place within a three mile area, either in the City of Erie or immediately outside the city limits. In all three instances the victims were attacked from behind by an assailant who was black and wore leather gloves. The methods of assault were similar, for in each instance the mouth of the victim had been covered to prevent her from crying out and each had been physically struck and then dragged to another place where a sexual attack occurred. After each sexual assault, the purse of the victim was found

to be missing; and two of them were found in appellee's apartment. Finally, appellee admitted to having committed a series of rapes in August of 1977, following which, in each instance, he took the purse of his victim. Under these circumstances the similarities provided the "distinctive and unusual *modus operandi* which [justified] the conclusion that the perpetrator of one was the perpetrator of the other[s]." *Commonwealth v. Morris, supra.* Evidence of each was admissible to show a common plan, scheme or design which tended to identify the perpetrator of all. *See Commonwealth v. Westerfer,* 294 Pa.Super. 459, 440 A.2d 556 (1982); *Commonwealth v. Kjersgaard,* 276 Pa.Super. 368, 419 A.2d 502 (1980). Moreover, the evidence of each assault was not complex, and there has been no suggestion that consolidation caused the jury to be confused in weighing the evidence pertaining to each.

We hold, therefore, that the trial court's order consolidating the informations was a proper exercise of discretion and that the court en banc erred when it awarded a new trial. The order of the court en banc is reversed, and the case is remanded for consideration of the remaining averments of error in appellant's motion for new trial. Jurisdiction is not retained.