460 A.2d 362

**COMMONWEALTH of Pennsylvania,**

**v.**

**Curtis MATTHEWS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 1983.

Filed May 13, 1983.

Anthony J. Vardaro, Meadville, for appellant.

Donald E. Lewis, District Attorney, Meadville, for Commonwealth, appellee.

Before CERCONE, President Judge, and POPOVICH and VAN der VOORT, JJ.

PER CURIAM:

A jury convicted appellant on four charges of theft by receiving stolen property. The lower court refused motions for new trial and in arrest of judgment. President Judge Thomas imposed a cumulative sentence of three to six years imprisonment.[1] The appellant raises five contentions relating to alleged trial errors, and an additional contention as to the sentences imposed. In our discussion we will follow the same order as that used by appellant.

1. Were the four counts improperly consolidated for trial?

The indictments resulted from a series of four burglaries that occurred in the City of Meadville between October and December of 1980. The burglaries involved the theft of a wide assortment of items, from jewelry to stereo systems. Much of the property was found at and recovered from the

---

[1] No. 1981–57, one to two years; No. 1981–58, six months to one year; No. 1981–59 one to two years; and No. 1981–60, six months to one year, all to run consecutively.

residence of a Mary Lee Jones, a girl-friend of the appellant.

Over appellant's objection, the lower court entered an order consolidating all four counts for trial. Appellant contends that this order and the resulting consolidated trial, improperly prejudiced the defense. Appellant concedes that consolidation of indictments is frequently appropriate in the interests of judicial economy, *Commonwealth v. Lasch*, 464 Pa. 573, 582, 347 A.2d 690 (1974); but argues that judicial expedience must be weighed against the possibility of improper prejudice against the defendant. *Commonwealth v. Peterson*, 453 Pa. 187, 194–197, 307 A.2d 264 (1973); *Commonwealth v. Irons*, 230 Pa. Superior Ct. 56, 326 A.2d 488 (1974). In this specific case, he argues the jury was improperly permitted (a) "to infer a criminal disposition on the part of the appellant due to the quantity of crimes", and (b) "to accumulate evidence of the various crimes such that they had no choice but to find the appellant guilty due to the four crimes being alleged." [2]

The Commonwealth contends to the contrary and argues that in this specific case, the appellant was in possession of (or, at least, had exercised control over) the various goods taken in all four separate robberies. The prosecution argues this tended in turn, to prove a knowledge that the goods were stolen. Such evidence, argues the Commonwealth, would have been admissible in separate trials for each of the counts, and therefore the consolidation was proper: *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981).

Judge Thomas' opinion, citing *Morris*, supra and *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690 (1975) which presented facts similar to the present case, and *Commonwealth v. Rhodes*, 250 Pa. Superior Ct. 210, 378 A.2d 901 (1977), concluded that consolidation was proper in this case. The court reasoned that because all four counts were for receiving stolen property; the burglaries all occurred within

---

**2.** Appellant then cites *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955). Such case offers little, if any, support for appellant's position.

about a month of each other; and the quantity of stolen property found in appellant's possession supported an inference of knowledge on his part, the evidence would have been admissible in separate trials for each count.

■ The propriety of consolidating separate indictments for trial lies with the discretion of the trial court. *Commonwealth v. Hill,* 479 Pa. 346, 388 A.2d 689 (1978). As we find no manifest abuse of discretion or prejudice and injustice to appellant we will not disturb the trial court's decision.

2. Did the court err in allowing the prosecution to cross-examine its own witness under a claim of surprise?

Mary Lee Jones was called as a prosecution witness. At a preliminary hearing in this case she had testified that appellant had brought the stolen property to her residence. At the trial, however, she claimed that she did not know who brought the property into her residence—that she just awoke one morning and found it there. The prosecution asked for and received permission to cross-examine her. The examination went into details as to the property brought to her house; her testimony at the preliminary hearing; what she had previously told an investigating officer; her relations with appellant and her conversations with him since his arrest.

■ We find that the prosecution was "surprised" within the technical limitations of that word by the witness's trial testimony, and that the court, within its broad judicial discretion, permitted the prosecution to cross-examine her. *Commonwealth v. Thomas,* 459 Pa. 371, 379, 329 A.2d 277 (1974); *Commonwealth v. Dancer,* 452 Pa. 221, 305 A.2d 364 (1973), *Commonwealth v. Barber,* 275 Pa. Superior Ct. 144, 151, 418 A.2d 653 (1980).

3. Did the trial court err in permitting the admission of hearsay testimony?

This contention involves three different assertions which were developed in the testimony of prosecution witness, Sergeant Robert Stevens. We will address each separately.

■ (a) After appellant was arrested, he placed a telephone call to his mother. Stevens overheard the appellant say "that he wouldn't be in this mess if he had work." [3] (N.T., p. 94). For whatever persuasive value it might have, we believe that Sergeant Stevens' testimony of appellant's statement to his mother was admissible, as was the mother's later testimony that she and her son had been discussing problems he was having with his car. If the appellant's declaration by phone was an admission of his participation in the events which brought about his arrest—"this mess", then it was admissible as an admission against interest. Whether the declaration related to some other problems of the appellant as the mother testified, was for the jury to resolve. See *Commonwealth v. Tervalon*, 463 Pa. 581, 590, 345 A.2d 671 (1975); and *Commonwealth v. Johnson*, 273 Pa. Superior Ct. 14, 22, 416 A.2d 1065 (1979).

(b) Over objection, Stevens was permitted to testify that he had "received information from a confidential informant" that property taken from one of the victims was in Mary Lee Jones' residence, and "was told that it was put there by Curtiss Matthews." (N.T., p. 88)

■ Judge Thomas's opinion states (at page 7) that the "statement was not admitted to prove the truth of the statement but rather to explain the course of action taken by the police ..." and "[t]hus it was not inadmissible hearsay.", citing *Commonwealth v. Ryan*, 253 Pa. Superior Ct. 92, 384 A.2d 1243 (1978); *Commonwealth v. Tselepsis*, 198 Pa. Superior Ct. 449, 181 A.2d 710 (1962). We must agree. A panel of this court recently approved of the admission of a tape recording of a phone call directing police to the scene of a murder. The panel noted that, among other purposes, it "explained the course of conduct of the police officers." *Commonwealth v. Stewart*, 304 Pa. Superior Ct. 382, 385, 450 A.2d 732, 733 (1982). Such reasoning controls here.

**3.** Appellant's mother, testified as a defense witness that she and appellant had been discussing appellant's car which had not "got ... fixed." (N.T., pp. 106, 109, 110).

(c) In the course of the search pursuant to a search warrant of Jones' premises by Stevens, Jones told Stevens that "a pile of merchandise on the floor .... belonged to Curtis" (N.T., p. 91) and that "Curtis carried ... in" the merchandise into her residence. (N.T., p. 92)

■ The trial court allowed the officer's testimony as to such, over objection, "in rebuttal of the testimony she [Jones] offered." (N.T., p. 91) See Issue 2, supra. Such testimony was properly received as a prior, inconsistent statement by the prosecution witness, as to whom the prosecution had successfully pleaded surprise. *Commonwealth v. London*, 461 Pa. 566, 574, 337 A.2d 549, 553 (1975).

4. Should the court have ordered a mistrial?

On the morning of May 21, 1981, testimony was received from the four victims of the various burglaries. About 11:55 A.M., the court recessed for lunch. When the trial resumed at 1:30 P.M., counsel for the appellant moved for a mistrial for two reasons. The first dealt with a number of high school students who had been present at the morning session. As jurors were leaving for lunch, the court told the high school students that what they had seen so far was "a preliminary ... routine matter ... that the property had been stolen ...", thus allegedly prejudicing the defense. Appellant also contends that he was prejudiced when a juror saw him "in the custody of several deputies and the Sheriff ...." (N.T., p. 45). Due to our resolution of the following contention, Number 5, we find it unnecessary to address these matters.

5. Was the supplemental instruction to the jury improper?

In his original charge, Judge Thomas pointed out to the jurors that the witness Mary Jones had allegedly made a statement on another occasion which seemed in conflict

with part of her testimony at the trial, and that the evidence of this other statement could be considered only for the purpose of deciding whether to believe her trial testimony (N.T., p. 120).

■ The prosecution objected to this portion of the charge, relying upon *Commonwealth v. Loar*, 264 Pa. Superior Ct. 398, 399 A.2d 1110 (1979). Judge Thomas was persuaded that the *Loar* case had changed the law in Pennsylvania, at least in cases similar to the present case, where the declarant was available in court and subject to cross-examination. He therefore supplemented his charge before the jurors were dismissed for their final deliberations. He told the jury that they could accept Mary Jones' prior inconsistent statements as "substantive or actual evidence in the case ... part of the total evidence the Commonwealth has presented to you."

At the time of trial, *Loar*, supra, was the controlling case in this respect and therefore the trial court may not be faulted for relying on it. However, in *Commonwealth v. Waller*, 498 Pa. 33, 39 n. 2, 444 A.2d 653, 656 n. 2 (1982) our Supreme Court explicitly "decline[d] to adopt the reasoning" in *Loar*. The court ruled that the use of prior inconsistent statements as substantive evidence "has never been and is not now the law in this Commonwealth." [4] *"See Commonwealth v. Thirkield*, 311 Pa. Superior Ct. 413, 457 A.2d 954 (1983). Appellant took exception to the jury instruction, both after the charge was given, and in postverdict motions. Appellant's complaint has therefore been preserved. We must vacate the judgment of sentence and grant him a new trial.

**4.** The court in *Waller*, supra, distinguished between the prior inconsistent statement itself and the witness' testimony on cross-examination regarding the prior statement. The court noted the latter is admissible as substantive evidence while the former is not.

46

Judgment of sentence is vacated and the case is remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.[5]

POPOVICH, J., concurs in the result.

---

5. Due to our resolution of the other issues, we find it unnecessary at this time to address appellant's contention pertaining to the sentence imposed.