477 A.2d 501

**COMMONWEALTH of Pennsylvania**

v.

**Vincent THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1984.

Filed May 11, 1984.

Petition for Allowance of Appeal Denied Sept. 18, 1984.

394

Raymond R. Williams, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and MONTGOMERY, JJ.

MONTEMURO, Judge:

On May 27, 1982, the appellant, Vincent Thomas, was found guilty after a jury trial of two counts each of rape,[1] involuntary deviate sexual intercourse,[2] recklessly endangering another person,[3] terroristic threats,[4] possessing instruments of crime generally,[5] possessing instruments of crime weapon,[6] and a single count of burglary.[7] These charges (hereinafter No. 6925) arose out of two incidents involving the same victim. On May 28, 1982, the appellant was found guilty after a jury trial of one count each of

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 3123.

3. 18 Pa.C.S.A. § 2705.

4. 18 Pa.C.S.A. § 2706.

5. 18 Pa.C.S.A. § 907(a).

6. 18 Pa.C.S.A. § 907(b).

7. 18 Pa.C.S.A. § 3502.

rape, simple assault,[8] recklessly endangering another person, terroristic threats, and of possessing instruments of crime. These charges (hereinafter No. 6924) arose subsequent harassment of a different victim.

On July 28, 1982, the appellant's post-verdict motions in both cases were denied by the trial court. On October 1, 1982, the appellant was sentenced on both Nos. 6924 and 6925 to a total of eighteen (18) to thirty-six (36) years imprisonment. This appeal followed.

In this appeal covering both trials, five allegations of error are raised: (1) that the trial court (at No. 6925) erred in consolidating for trial the charges arising out of incidents which occurred three weeks apart; (2) that the trial court (at No. 6924) erred in not granting defense counsel two challenges for cause during *voir dire;* (3) that the trial court (at No. 6924) erred in denying appellant's motion for a mistrial because of remarks by the district attorney during his opening statement; (4) that the trial court (at No. 6924) erred in allowing the Commonwealth to amend the informations immediately before trial; and (5) that the trial court erred in denying appellant's motion for a mistrial after the Commonwealth introduced evidence of crimes subsequent to the original rape. We have examined each of the appellant's claims and find them to be without merit.

The charges against the appellant arose out of a series of events occurring in the autumn of 1981. In late September, 1981, the appellant met Lisa Harper outside Chester High School as she was leaving an evening class. The appellant knew Harper as a consequence of their mutual employment at Teledyne Wirz and they had been out socially on a previous occasion. On this particular evening, Harper accompanied the appellant to his parents home where they ate hot sausages and watched television. Harper said she had to leave, and appellant offered to walk her home. At some point during the walk, after luring Harper to the area of Interstate 95 with the promise of a ride, the appellant grabbed Harper's arm and twisted it behind her back. He

8. 18 Pa.C.S.A. § 2701.

then pushed her up an embankment to some railroad tracks. When Harper attempted to run away, the appellant pushed her to the ground and stated that he was going to rape her; he thereupon removed her clothing and his own. After several attempts by appellant were foiled by the victim's deceptions, he finally achieved penetration. He immediately withdrew and apologized.

Subsequent to this incident the appellant began calling Harper to beg her forgiveness. He further addressed his pleas to her at their place of employment. Whenever Harper threatened to go to the police, the appellant reacted by threatening to kill her and her boyfriend. One day, while at work, the appellant produced a sharp tool, pointed it at her and stated: "I got a knife. Scared you, didn't I?" (N.T. May 28, 1982, at 81). This rape and the subsequent harassment comprise the basis for the charges at No. 6924.

On October 22, 1981, Rosie Lee Givens left her evening class at Widener University and saw the appellant waiting by her car. She had met the appellant during the summer through a group of acquaintances who frequented Memorial Park in Chester. Givens expressed surprise at seeing the appellant, to which he replied that he was there to see her home safely. Givens offered to give the appellant a ride home.

During the ride home, the appellant instructed Givens to pull over and produced a knife. She stopped the car and attempted to flee, whereupon, the appellant seriously cut her left thumb with the knife. The cut produced a great amount of blood which stained the interior of the vehicle. Givens then ran away only to be pursued and caught by the appellant. He tied her hands behind her back and forced her into a wooded area, ripped off her clothes and subjected her to an act of sexual intercourse all the while berating her with questions regarding her sexual conduct with her boyfriend. The appellant then pulled her deeper into the woods where he forced her to engage in fellatio. Once again, appellant forced her deeper into the woods and engaged in an act of sexual intercourse. During these acts he stuffed

the victim's bra into her mouth. He threatened to kill her, and after she begged the appellant not to kill her, he apologized and said that he had never done anything like this before. In order to gain his confidence, she promised to make up a story in which another man attacked her and the appellant scared him away. She told this story to the police who had found her bloody vehicle in the interim.

Subsequent to this incident, the appellant called Givens numerous times saying the police were questioning his story. He wanted to meet with Givens to get their fabricated version of the events straight. She refused.

On Sunday, November 15, 1981, Givens went out at approximately 11:00 P.M. in order to give her mother a ride to work. When she returned, she found the appellant in the bathroom. He grabbed her and threw her to the floor. He cut her neck with the same knife he used in the previous incident. He tied her hands behind her back and stuffed a washcloth in her mouth. He then engaged in sexual intercourse and cunnilingus while berating her with questions about her sexual conduct with her boyfriend. The charges arising out of these two incidents were tried together at No. 6925.

Only one of the allegations of error raised by the appellant concerns the charges at No. 6925. We shall dispose of this issue first. Prior to trial on the charges at No. 6925, which concerned the rapes on October 22, 1981 and November 15, 1981, defense counsel moved for severance of the charges on the two dates. The motion was denied. The appellant contends this ruling was erroneous.

▪▪▪ The grant or denial of severance or the consolidation of charges for trial is a matter of discretion with the trial judge, and his decision will be reversed only for manifest abuse of discretion, or prejudice to the defendant. *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981); *Commonwealth v. Larkins*, 302 Pa.Super. 528, 449 A.2d 42 (1982); *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982).

The test of whether consolidation is proper is related to the test of whether evidence of one crime may be admitted at the trial for another. The present rule in Pennsylvania is that consolidation is proper ... if (1) the facts and elements of the two crimes are easily separable in the minds of the jury; and (2) the crimes are such that the fact of the commission of each crime would be admissible as evidence in a separate trial for the other. (Citations omitted).

*Commonwealth v. Galloway, id.,* 302 Pa.Super. at 154, 448 A.2d at 573 (quoting *Commonwealth v. Terrell,* 234 Pa.Super. 325, 328, 339 A.2d 112, 114 (1975)). *See also, Commonwealth v. Boyd,* 315 Pa.Super. 308, 461 A.2d 1294 (1983); *Commonwealth v. Matthews,* 314 Pa.Super. 38, 460 A.2d 362 (1983). Evidence of other crimes is admissible to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) identity. *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973); *Commonwealth v. Booth,* 291 Pa.Super. 278, 435 A.2d 1220 (1981).

We find no error in the trial court's denial of appellant's motion to sever. The facts of the two incidents which led to the charges at No. 6925 were easily separable in the minds of the jury. Moreover, we find the two incidents so similar that they can properly be categorized in that rare class of crimes where they are deemed to be of a common scheme, plan or design. In support of the conclusion we cite the following factors: (1) the same victim was involved; (2) the same knife was used; (3) the appellant tied the victim's hands behind her back with a piece of rope in both episodes; (4) both times the appellant stuffed the victim's mouth with a cloth article to muffle her shouts; (5) the appellant committed acts of intercourse and involuntary deviate sexual intercourse in each case; and (6) in each case he inquired into her sexual conduct with her boyfriend. We find the identity of factors in the two episodes so striking

that they in fact are like a signature linking the appellant to the crime. As such, evidence of each of the incidents would be admissible in a trial for the other. Consequently, we find no error in the trial court's determination.

Appellant's next contention is that the trial court, at No. 6924, erred during *voir dire* in refusing to dismiss two veniremen for cause. In *Commonwealth v. Johnson*, 299 Pa.Super. 172, 176, 445 A.2d 509, 511 (1982) this court stated:

> A prospective juror should be excused for cause in two situations:
>
>> The first is where the prospective juror indicates by his answers that he will not be an impartial juror. . . . The second is where, irrespective of the answers given on *voir dire,* the court should presume the likelihood of prejudice on the part of the prospective juror because the juror has such a close relationship, be it familial, financial, or situational, with any of the parties, counsel, victims or witnesses.
>
> *Commonwealth v. Stamm,* 286 Pa.Superior Ct. 409, 415–416, 429 A.2d 4, 7 (1981), *quoting Commonwealth v. Colon,* 223 Pa.Superior Ct. 202, 299 A.2d 326 (1972).

In the present case there is no allegation that the prospective jurors should have been excused because of a "close relationship". Thus, if the appellant is to prevail we must determine if either of the jurors demonstrated partiality by their answers.

In making this determination, we note that, "much depends upon the answers and demeanor of the potential juror as observed by the trial judge and therefore reversal is appropriate only in case of palpable error." *Commonwealth v. Johnson, id.* 299 Pa.Super. at 512, 445 A.2d at 512; *Commonwealth v. Colon,* 223 Pa.Super. 202, 207, 299 A.2d 326, 330 (1972).

Applying the above-stated standard, we find no error in the trial court's ruling. One juror stated that he had either read of the incident, or heard of it on the radio a year

earlier; and that he felt an emotional reaction at that time. However, he went on to state that he felt he could listen to the evidence and reach a fair and impartial decision. The second juror stated that he would be "fidgety" if the trial was longer than one day because he had an important concert on the upcoming Saturday night. This prospective juror also stated that he could decide the case fairly and impartially. In short, we find no abuse of discretion by the trial court.

The appellant next alleges error in the trial court's denial of a motion for a mistrial made during the prosecution's opening statement. During the statement, the assistant district attorney remarked that the appellant attempted to flee as the police were about to arrest him. In the course of the Commonwealth's case, the prosecution attempted to elicit testimony from the apprehending police officer concerning defendant's attempted flight but was prevented from doing so when a defense objection was sustained by the trial court.

It is apparently the appellant's contention that a mistrial was warranted because the prosecutor made reference to facts which were inadmissible at trial. We note again that our standard of review is whether the trial court abused its discretion in denying the motion for mistrial. Moreover, "[a] district attorney's remarks in his opening statement must be fair deductions from the evidence the Commonwealth in good faith expects to develop, not merely assertions intended to inflame the passions of the jury." *Commonwealth v. Stetler*, 494 Pa. 551, 562, 431 A.2d 992, 997 (1981); *Commonwealth v. Hughes*, 477 Pa. 180, 187, 383 A.2d 882, 886 (1978); *Commonwealth v. Galloway, supra.*

In the present case, the inadmissibility of the proffered evidence concerning appellant's flight at the time of arrest was by no means clear cut. The prosecutor's expectation that the evidence of flight would be admissible was clearly reasonable as it was grounded on prior case law. *Commonwealth v. Osborne*, 433 Pa. 297, 249 A.2d 330 (1969); *Commonwealth v. Rough*, 275 Pa.Super. 50, 418

A.2d 605 (1980). Consequently, we find no error in the trial court's denial of the mistrial motion.

■ The appellant next alleges that the trial court erred in granting the Commonwealth's pre-trial motion to amend the informations. Our analysis of this claim of error requires a brief explanation of the facts. The criminal complaint filed against the appellant on December 15, 1981 charged the appellant only with rape. A preliminary hearing was held on January 13, 1982, at which time the victim, Lisa Harper, testified not only to the rape, but also to the subsequent threats, harassment and display of a knife by the appellant. Subsequent to the preliminary hearing, the district attorney's office filed informations charging rape, simple assault, recklessly endangering another person, terroristic threats [specifically, threats to murder], possessing instrument of crime generally, and possessing instrument of crime weapon. Each of these informations alleged that the date of the offense was August 30, 1981.

Following jury selection, but prior to trial, the Commonwealth moved to amend the date of each of the informations. On the rape, recklessly endangering, and simple assault charges, the Commonwealth requested an amendment to sometime after September, 1981. The appellant alleges that the latter amendment allowed the Commonwealth to charge, try and convict the appellant of additional and different offenses than those originally charged.

The amendment of criminal informations is governed by Pa.R.Crim.P. 229, which states:

**Rule 229.  Amendment of Information**

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interest of justice.

In *Commonwealth v. Stanley*, 265 Pa.Super. 194, 212–13, 401 A.2d 1166, 1175 (1979) *aff'd* 498 Pa. 326, 446 A.2d 583 (1982) this court explained:

> The purpose of Rule 229 is to insure that a defendant is fully appraised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. *See Commonwealth v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977); *Commonwealth v. King*, 227 Pa.Super. 168, 323 A.2d 260 (1974). In effecting this purpose, the courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. (Footnotes omitted)

*See also, Commonwealth v. Casuccio*, 308 Pa.Super. 450, 459, 454 A.2d 621, 626 (1982).

We perceive the appellant's argument to be that he was led to believe that all of the charges against him arose solely out of the incident on the railroad tracks, and that he was unaware that he was also being tried for the charges arising out of his subsequent harassment of the victim. We cannot subscribe to this argument.

The charges, other than rape, were filed subsequent to the preliminary hearing. At that hearing, the victim testified about both the incident of rape and the appellant's later threats to kill the victim and her boyfriend; threats made by telephone and at their mutual place of employment. She further testified that the appellant pointed a weapon at her at their place of employment. Nowhere in the victim's

testimony regarding the incident of rape is there any mention of a weapon, nor of a threat to kill.

Under the circumstances, we conclude that the appellant was fully alerted to the fact that he was being tried for both the rape and the subsequent harassment. The charges of possessing an instrument of crime and terroristic threats (murder) only make sense with regard to the later events, and are completely irrelevant to the original rape at which no weapon was used and no threats to kill were made. The Commonwealth filed these charges after the preliminary hearing and based on the testimony presented therein. The use of the incorrect date on the information by the Commonwealth was inadvertent. Through the informations, the appellant was on notice of the charges filed against him, and because of the preliminary hearing, he was on notice of the factual basis for those charges. We refuse to allow him to take advantage of a clerical error for which he could not have suffered any prejudice. We find no error in the trial court's allowance of the amendment. *Cf. Commonwealth v. Swint*, 465 Pa. 450, 350 A.2d 851 (1976). Error to allow amendment of date on information charging weapons offense from date of murder to date of arrest where defendant used a .38 calibre gun for murder and a .32 calibre gun when arrested approximately one month later.

■ The appellant finally alleges that the trial court erred in denying his motion for mistrial which was advanced when the Commonwealth introduced at trial evidence of the crimes committed by the appellant in his campaign of harassment against the victim. Again we note that the trial court's determination is subject to an abuse of discretion standard. *Commonwealth v. Gardner*, 490 Pa. 421, 416 A.2d 1007 (1980); *Commonwealth v. Werts*, 483 Pa. 222, 395 A.2d 1316 (1978). Under the analysis we have already set forth, *supra* at 505, we conclude that the trial court did not err. Clearly, the facts of the rape and the subsequent harassment and the elements of the respective charges, are not so complex as to prevent the jury from clearly understanding them. Moreover, evidence of the rape and related

charges would be admissible at a trial on the terroristic threats and related charges as evidence relevant to the appellant's motive. In a similar vein, evidence of the terroristic threats and related charges would be admissible at a trial on the rape charge because it would demonstrate his consciousness of guilt by showing his attempts to conceal the fact of the commission of the rape through a course of conduct utilizing threats and displays of force. *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308 (1982). Again, we find no abuse of discretion in the trial court's determination.

Having found no merit in any of the appellant's arguments, the judgment of sentence is affirmed.