## Commonwealth v. Rinehimer

*Elmer D. Christine Jr., assistant district attorney,* for the commonwealth.
*Janet J. Schoen,* for defendant.

O'BRIEN, *J.,* February 23, 1988 —

## FINDINGS OF FACT

(1) At approximately 5:30 a.m. on October 21, 1987, a Barrett Township police officer arrived at the scene of an accident on Route 390 in Barrett Township, Monroe County, Pennsylvania. Shortly after the officer arrived at the scene, defendant, who had been operating a Cadillac automobile which struck a utility pole, was transported to a medical facility for treatment of his injuries.

(2) When the officer arrived at Pocono Hospital, defendant was awaiting treatment for his injuries. The officer asked defendant what happened and defendant stated that another car ran him off the road. The officer asked defendant to consent to a blood test and he agreed. The officer did not advise defendant of the consequences of refusing to submit to the blood test.

(3) The blood test result showed a blood alcohol content of .27 percent and upon receipt of the results, the officer suspected defendant of driving under the influence.

(4) On October 24, 1987, defendant went to police headquarters accompanied by a friend and provided his proper identification to the officer. The

officer and defendant engaged in a conversation wherein defendant admitted that he had been driving under suspension and stated that he had driven off the road on the night of October 21 in order to avoid a deer. The officer did not advise defendant of his constitutional rights prior to the conversation.

(5) On October 29, 1987, the officer filed a criminal complaint charging defendant with driving under the influence and numerous summary offenses.

## DISCUSSION

In his omnibus pretrial motion, defendant seeks to suppress the use of the results of the blood test at trial on the basis that the officer did not advise defendant of the provisions of the Implied Consent Law of the Commonwealth of Pennsylvania. Section 1547 of the Motor Vehicle Code provides in pertinent part as follows:

"(a) *General rule* — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcohol content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle.

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal* —

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

"(c) *Test results admissible in evidence* — In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence." 75 Pa.C.S. §1547.

In *Commonwealth, Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987), our Supreme Court pointed out the distinction between the purposes of the implied consent law on the one hand and the criteria for admission of blood test results in a criminal proceeding on the other hand. Since section 1547 of the Motor Vehicle Code creates an implied consent of the motor vehicle operator to a blood test, the only possible relevance of an officer failing to notify defendant of the consequences of his refusal is with respect to the

"suspension for refusal" provision of the statute. We hold that the failure of an arresting officer to notify a defendant of the consequences of refusing a blood test has no bearing on the admissibility of the test results in a criminal proceeding. See also, *Commonwealth v. Johnson,* no. 1063 Criminal of 1986 (Monroe County).

Defendant next moves to suppress the statements given to the police officer at police headquarters on October 24 with respect to the cause of the accident. Defendant does not seek to suppress the identification given by defendant but does seek to suppress that part of the conversation dealing with the cause of the accident. There can be no question that defendant was a suspect at the time he arrived at the headquarters on October 24. At that time, the officer had already received the blood test results showing a blood alcohol level of .27 percent. Clearly before engaging in a conversation with defendant concerning the cause of the accident which could result in the filing of charges against him, the officer had a duty to warn defendant of his constitutional rights. Failure of the officer to provide the constitutional warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires the suppression of the statement at issue.

Defendant next seeks the severance of the trial of the misdemeanor charge of driving under the influence from the trial of the numerous summary offenses set forth in the information. Pa.R.Crim.P. 1128 allows for the severance of trials of different offenses, and the grant or denial of the severance is within the discretion of the trial judge. *Commonwealth v. Larkins,* 302 Pa. Super. 528, 449 A.2d 42 (1982). Counts I and II of the criminal information against defendant are misdemeanor violations of 75

Pa.C.S. §3731. Defendant's concern in seeking a severance of trial of the offenses is that the jury's knowledge that defendant was operating while under suspension may prejudice their objective with respect to the driving under the influence charge. Counsel for defendant argues that it is common knowledge that many suspensions of operating privileges relate to prior convictions for driving under the influence.

There is no appellate authority requiring the severance of offenses in this situation. However, since defendant is not entitled to a trial by jury on the summary offenses, providing that only the driving under the influence charge would be submitted to the jury for a decision, defendant's objective will be accomplished without prejudicing the commonwealth. Therefore, appropriate relief will be granted.

## CONCLUSIONS OF LAW

(1) The police officer had reasonable grounds to believe that defendant was operating his motor vehicle, which was involved in an accident in which the operator required treatment at a medical facility, and therefore, results of the blood test are admissible.

(2) The statements concerning the cause of the accident made by defendant at police headquarters on October 24, 1987 were obtained in violation of the holding of the U.S. Supreme Court in *Miranda v. Arizona*.

(3) Adjudication by the trial judge of the summary offenses alleged in the information, following dismissal of the jury, will not result in any prejudice to defendant or the commonwealth.

## ORDER

And now, February 23, 1988, it is ordered as follows:

(1) The statements made by defendant at police headquarters on October 24, 1987 concerning the cause of the accident are suppressed and shall not be admissible at trial.

(2) The only issues to be submitted to the jury for decision at trial will be count I and count II of the information. However, this ruling does not preclude the commonwealth from presenting evidence in support of count IV, count V, count VI, count VII and count VIII at the time of trial before the jury.

(3) Evidence bearing on the charges in count III of the information shall not be presented in the presence of the jury but shall be presented to the trial judge only following dismissal of the jury. The trial judge shall adjudicate the issues raised in counts III through VIII following dismissal of the jury.

(4) In all other respects, defendant's omnibus pretrial motion is denied.