J-S48028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :           PENNSYLVANIA
        :
      v.         :
        :
        :
VINCENT THOMAS         :
        :
    Appellant       :   No. 369 EDA 2018

Appeal from the PCRA Order December 28, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006924-1981,
CP-23-CR-0006925-1981

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:         **FILED AUGUST 30, 2018**

Vincent Thomas (Appellant) appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

In 1982, Appellant was convicted of numerous crimes including rape, involuntary deviate sexual intercourse, simple assault, recklessly endangering another person, burglary, terroristic threats, and possessing an instrument of crime. On October 1, 1982, he was sentenced to 18 to 36 years of imprisonment. This Court affirmed Appellant's sentence on direct appeal. **Commonwealth v. Thomas**, 477 A.2d 501 (Pa. Super. 1984). Appellant's judgment of sentence became final in June 1984, when time expired for him to seek review from the Pennsylvania Supreme Court. **See Commonwealth v. Thomas**, 497 EDA 2015 (Pa. Super. Oct. 9, 2015) (unpublished).

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant filed the instant *pro se* PCRA petition on July 19, 2017.[1] The

PCRA court denied the petition as untimely on December 28, 2017. Appellant

filed this appeal.[2] He states his issues for review as follows:

1.    Is it legal error and [a] denial of 14th Amendment Due Process to dismiss a petition without prejudice to protect rights and th[e]n later refuse the legal rights protected by said dismissal?

2.    Is it error of law and abandonment by counsel where counsel performs deficiently[,] denying fair trial and effective assistance guaranteed by [the] 14th Amendment Due Process Clause?

3.    Is it legal error for [the PCRA] court to fail to address [the] double jeopardy issue involving legality of sentence and was counsel ineffective for not challenging multiplicitous [sic] of offenses?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is "whether the

PCRA court's determination is supported by the evidence of record and free of

legal error. We grant great deference to the PCRA court's findings, and we

will not disturb those findings unless they are unsupported by the certified

record." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa. Super. 2017)

(citation omitted). Before we reach the merits of a petitioner's claim, Section

9545 of the PCRA requires that "[a]ny petition under this subchapter, including

---

[1] Appellant filed an amended *pro se* petition on September 1, 2017.

[2] The PCRA court and Appellant have complied with Pa.R.A.P. 1925.

a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

This is Appellant's sixth appeal from the denial of post-conviction relief. *See Commonwealth v. Thomas*, 2983 EDA 2016 (June 29, 2017) (unpublished); *Commonwealth v. Thomas*, 497 EDA 2015 (Pa. Super. Oct. 9, 2015) (unpublished); *Commonwealth v. Thomas*, 2139 EDA 2012 (April 4, 2013) (unpublished); *Commonwealth v. Thomas*, 836 EDA 1999 (July 18, 2000) (unpublished); *Commonwealth v. Thomas*, 00775 Philadelphia 1989 (Pa. Super. May 14, 1990) (unpublished). It is undisputed that the underlying PCRA petition is untimely. Appellant appears to invoke the newly-discovered facts exception to the time bar by referencing the Pennsylvania Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017) (holding that *pro se* prisoners are not subject to the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii)). However, Appellant fails to articulate his discovery of any new evidence of public record, or otherwise explain how *Burton* applies to his claims of PCRA court error. Rather, Appellant recycles his prior collateral claims – that he was denied competent assistance of counsel and was illegally sentenced – with intermittent cites to *Burton*. *See* Appellant's Brief at 6-24. Moreover, Appellant's argument is overwhelmingly

incoherent.  ***Id.***  For these reasons, we agree with the PCRA court that Appellant's petition is untimely and he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18