684 A.2d 633

**COMMONWEALTH of Pennsylvania**

**v.**

**Andrew Charles ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 10, 1996.

Filed Oct. 28, 1996.

74

David P. Truax, Meadville, for appellant.

Paula C. Cosenza, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before BECK, KELLY and BROSKY, JJ.

BECK, Judge:

In this appeal we decide whether the results of a preliminary breath test ("PBT") are admissible to support a charge of underage drinking, 18 Pa.C.S.A. § 6308. After careful consideration, we hold that the results are admissible and create a rebuttable presumption that the defendant has engaged in the prohibited activity.

In the early morning hours of June 5, 1996, a Pennsylvania State Police Trooper, en route to an unrelated domestic violence call, attempted to pass a truck on the roadway. Despite the police car's flashing lights and siren, the truck failed to yield to the trooper's right of way. The trooper stopped the truck and upon detecting an odor of alcohol, ordered the driver and his two passengers out of the vehicle. While investigating the incident, the trooper noticed that one of the passengers, appellant, had an odor of alcohol on his breath. He asked appellant his name and date of birth. He discovered appellant was 18 years old. Using a PBT device, the trooper administered a test to appellant which resulted in a .04 reading. The test was administered a second time with the same result. Appellant was then charged with violating section 6308, underage drinking.

At trial, appellant asserted that the PBT results should not be admitted because such results are inadmissible in prosecutions for Driving Under the Influence of Alcohol, 75 Pa.C.S.A. § 3731 ("DUI"). The trial court admitted the evidence. Appellant was found guilty and this appeal followed.

In his brief, appellant argues that the use of PBT results at trial is strictly governed by statute, specifically 75 Pa.C.S.A. § 1547(c) and (k), which provide in pertinent part:

**Test results admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood as shown by chemical testing of the person's breath, blood

or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

(1) Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the Departments of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. For purposes of breath testing, a qualified person means a person who has fulfilled the training requirement in the use of the equipment in a training program approved by the Departments of Health and Transportation. A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S.A. § 1547(c).

**Prearrest breath test authorized.**—A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior arrest to submit to a preliminary breath test on a device approved by the Department of Health for this purpose. The sole purpose of this test is to assist the officer in determining whether or not the person should be placed under arrest.

75 Pa.C.S.A. § 1547(k).

Appellant's sole argument on appeal is that subsections (c) and (k) preclude the admission of PBT results in his case. We do not agree.

██ The above recited provisions are part of the Motor Vehicle Code and relate to motor vehicle violations, primarily DUI. Underage drinking is not part of the Motor Vehicle Code but is found in the Crimes Code at Title 18. In DUI investigations, the PBT is utilized as a reliable screening device. While it is sufficient to establish probable cause to

believe a driver has consumed alcohol, a PBT result does not measure with certainty the amount of alcohol consumed. Because the Commonwealth has the burden of proving a specific blood alcohol level in a DUI prosecution, a PBT result is not probative to establish the requisite elements of the crime and is therefore inadmissible. *See Commonwealth v. Stanley,* 427 Pa.Super. 422, 629 A.2d 940 (1993); *Commonwealth v. Myrtetus,* 397 Pa.Super. 299, 580 A.2d 42 (1990).

■ The rationale for excluding PBT results in DUI prosecutions does not apply in underage drinking cases. The underage drinking statute punishes persons under the age of twenty-one for the consumption of alcohol in any amount, regardless of the blood alcohol level produced. The Commonwealth is not required to show a specific blood alcohol level to establish its case. Therefore, the statutory and common law limitations on the use of PBTs in DUI cases are not relevant to the admission of PBT results in underage drinking cases. Because the screening function of PBT testing is reliable to discern the presence or absence of alcohol in the suspect's blood, *see Myrtetus, supra,* it is admissible in underage drinking cases.

■ Although we hold that PBT results are admissible in underage drinking cases, we caution that a positive test result (one that reveals the presence of alcohol in the blood) does not necessarily end the inquiry. We recognize that other legitimate substances, such as prescription cough medicine, may trigger a positive result. For this reason, we further hold that a positive PBT result is not *per se* proof that a minor has violated section 6308. Commonwealth's case, a section 6308 defendant may present to the fact finder evidence to establish that the positive PBT reading was not the result of illegal ingestion of alcohol.[1]

■ Appellant also claims that the evidence presented by the Commonwealth, absent the PBT test, was insufficient as a matter of law. Relying on *Commonwealth v. Williamson,* 532 Pa. 568, 616 A.2d 980 (1992), appellant argues that the mere

1. Appellant here offered no evidence to rebut the prosecution's case.

odor of alcohol on his breath is not enough to sustain his conviction. Since we have found that the PBT result was admissible, appellant's sufficiency argument fails.

Judgment of sentence affirmed.