COMMONWEALTH of Pennsylvania, Appellee,

v.

Neill BRESLIN, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 1999.
Filed May 21, 1999.

Richard S. Wasserbly, Doylestown, for appellant.

Heather A. Castellino, Asst. Dist. Atty., Doylestown, for Com., appellee.

Before McEWEN, President Judge, POPOVICH, J., and CIRILLO, President Judge Emeritus.

POPOVICH, J.:

¶ 1 Appellant Neill Breslin appeals from his summary conviction for underage drinking[1] following a trial *de novo* in the Court of Common Pleas of Bucks County. Upon review, we reverse and remand for consideration of appellant's motion to suppress.

¶ 2 We adopt the facts as set forth in the trial court's opinion.

Clifford B. Horn, III, an officer with the Chalfont Borough Police Department, for a period of six years, testified that on April 24, 1998, at approximately 2:15 a.m. while in the area of Park Avenue at East Fairwood Road in Chalfont Borough, Bucks County, Pennsylvania, he was following a dark colored Plymouth vehicle which had a light out as well as a license plate not sufficiently illuminated so that he could see it at a reasonable distance. The officer effected a traffic stop of the vehicle. After making contact with the driver, and after placing the driver in custody for drinking offenses, he made contact with passengers of the vehicle to make sure that he could assure them a ride home. One passenger was in the front seat and there was a passenger in the rear directly behind the driver. He spoke with [appellant] who was the front seat passenger, who identified himself as Neill Breslin. The officer inquired as to his date of birth and his address and then intended to secure a ride home for the passengers.

\* \* \*

The officer testified that he noted that on the floor of the vehicle there was a clear glass bottle that was at the driver's feet.

\* \* \*

The officer testified that [appellant's] driver's license showed his date of birth to be December 14, 1979. Thereafter, the officer testified that he saw a particular bottle but that he did not recall the specific brand but did recall it was an alcoholic beverage. The officer then administered a PBT to [appellant] which displayed the results of .08. The officer was then asked whether [appellant] told him his date of birth and [appellant] told the officer his date of birth was December 14, 1979.

In summary, the evidence offered by the Commonwealth was that [appellant] was a passenger in a vehicle legitimately stopped by the officer. After, the officer was apprehensive that this particular passenger had been drinking and apprehensive that he was a minor, a PBT was administered and the PBT showed a .08 which demonstrates that alcoholic beverages had been ingested by [appellant]. Both the [appellant's] license and his own admission showed his date of birth

1. 18 Pa.C.S.A. § 6308.

to be December 14, 1979, and therefore, on April 24, 1998, he was under 21 years of age.

Trial Court Opinion at 1–3. The court found appellant guilty and imposed the same fine that the district justice had imposed. This appeal followed. In this appeal, appellant questions (1) whether the evidence was sufficient to support his conviction, (2) whether the lower court erred by permitting Officer Horn to testify that the bottle found in the vehicle contained an alcoholic beverage, and (3) whether the trial court erred when it refused to hear evidence on his motion to suppress and when it ruled that motions to suppress evidence are not available in summary cases.[2]

¶ 3 First, we will consider whether appellant's conviction is supported by sufficient evidence. Our Supreme Court has explained that when reviewing a sufficiency of the evidence claim,

an appellate court must view all the evidence and all reasonable inferences arising therefrom in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hall,* 549 Pa. 269, 280, 701 A.2d 190, 195 (1997). A defendant is guilty of underage drinking under 18 Pa. C.S.A. § 6308(a) "if he, being less than 21 years of age, . . . consumes . . . any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to beverages)." *Id.* "Liquor," as defined in 18 Pa.C.S.A. § 6310.6, includes

any alcoholic, spirituous, vinous, fermented or other alcoholic beverage, or combination of liquors and mixed liquor a part of which is spirituous, vinous, fermented or otherwise alcoholic, including all drinks or drinkable liquids,

preparations or mixtures and reused, recovered or redistilled denatured alcohol usable or taxable for beverage purposes which contain more than 0.50% of alcohol by volume, except pure ethyl alcohol and malt or brewed beverages.

*Id.* "Malt or brewed beverages," as defined in § 6310.6, consist of

any beer, lager beer, ale, porter or similar fermented malt beverage containing 0.50% or more of alcohol by volume, by whatever name such beverage may be called.

*Id.*

¶ 4 At appellant's trial *de novo,* the Commonwealth established that appellant was under 21 through the testimony of Officer Horn, who had viewed appellant's driver's license at the time of the incident. To satisfy its burden of proving beyond a reasonable doubt that appellant consumed alcohol, the Commonwealth presented evidence that: (1) Officer Horn discovered a clear glass bottle at the driver's feet inside the car that contained a substance the officer believed to be alcohol, (2) the officer smelled alcohol on appellant's breath, and (3) the officer gave appellant a preliminary breath test ("PBT") which resulted in .08 reading. We find this evidence sufficient to sustain appellant's conviction for underage drinking. *See Commonwealth v. Allen,* 454 Pa.Super. 73, 684 A.2d 633 (1996) (evidence that PBT given to defendant resulted in a .04 reading accompanied by testimony that defendant's breath smelled of alcohol was sufficient to sustain conviction for underage drinking).

¶ 5 We next consider whether the lower court erred by permitting Officer Horn to testify that the bottle found in the vehicle contained an alcoholic beverage. The admissibility of evidence is committed to the sound discretion of the trial court whose determinations we will not overturn

**2.** Appellant's omnibus pre-trial motion included two separate motions to suppress. However, as the effect of our decision impacts them equally, we will treat them as a single motion.

absent an abuse of discretion. *Commonwealth v. Kubiac*, 379 Pa.Super. 402, 550 A.2d 219, 223 (1988). The trial court explained,

> [w]ith respect to the testimony that a clear bottle contained an alcoholic beverage, we do not believe that the officer must remember the precise brand in order to offer that information. While obviously, it would have been better for the officer to have presented that bottle itself at the trial, the failure to present it does not preclude testimony with respect to its existence. In any event, if there were error, it was harmless error since the PBT test was the clearest demonstration of ingestion of alcohol in the case.

Trial Court Opinion, at 5.

¶ 6    A review of the record reveals that at the close of his case, appellant's counsel thoroughly explained why he objected to the officer's testimony regarding the contents of the bottle. Appellant's counsel informed the court that he "objected when the officer said 'alcoholic beverage' because that's a word of art under the statute. And the Commonwealth has to establish what the alcoholic beverage is." N.T. Trial, 8/28/98, at 27. That the court did not accept the officer's testimony to establish that the bottle contained an alcoholic beverage as the term is defined under § 6310.6 is clear from the court's final judgment at trial. The court stated, "The bottle by itself wouldn't do it. The officer was candid and truthful. He didn't recall the brand. On the other hand, the PBT[,] coupled with the age and the odor is clearly sufficient." N.T. Trial, 8/28/98, at 29. We find that to the extent the officer's testimony may have been improperly admitted, its admission was harmless error. *See Commonwealth v. Simmons*, 541 Pa. 211, 236, 662 A.2d 621, 633 (1995) ("[h]armless error exists if the state proves ... the properly admitted and uncontradicted evidence of guilt was so overwhelming and prejudicial effect of error was so insignificant by comparison that the error could

not have contributed to the verdict"); *see also Allen, supra* (odor of alcohol on defendant's breath accompanied by PBT results of .04 was sufficient to sustain conviction of underage drinking).

¶ 7    Lastly, we consider appellant's contention that the lower court erred when it ruled that motions to suppress evidence are not available in summary cases and when it refused to hear evidence on his motion to suppress. Prior to trial, appellant filed an omnibus pre-trial motion that included a motion to suppress breath samples and test results from breath samples taken from appellant. At trial, the following discussion occurred between counsel for appellant and the trial judge:

> [Prosecution]: ... We are prepared to proceed with a hearing. I've been served with a copy of a motion to suppress and we're prepared to call our first witness on that motion, your Honor.
>
> THE COURT: What's the charge?
>
> [Counsel for appellant]: Underage drinking, your Honor.
>
> THE COURT: I must confess I have never had a motion to suppress in a summary case. Is there some constitutional issue implicated in a summary case of this type?
>
> [Counsel for appellant]: I believe so, your Honor.
>
> \*      \*      \*
>
> THE COURT: I respect your wisdom in these areas very much, but I must say I've never had a motion to suppress in a summary case, and unless someone explains to me how it occurs, I'm not interested.

N.T. Summary Appeal, 8/28/98, 2–3. The court subsequently denied appellant's motion to suppress without allowing appellant to introduce evidence relevant to his motion and without considering the issues underlying appellant's motion. Appellant asserts that this constituted reversible error. We agree.

¶ 8 While it is true that defendants charged with summary offenses are not entitled to all the same rights afforded defendants charged with misdemeanor or felony crimes, *see, e.g., Commonwealth v. Thomas,* 510 Pa. 106, 507 A.2d 57, 59 ("there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel"), there is no indication in our case law or rules of criminal procedure that motions to suppress are not properly brought in summary offense cases. *See* Pa.R.Crim.P. 323; *Larrimer v. Commonwealth,* 116 Pa.Cmwlth. 254, 541 A.2d 443 (1988) (court held that Pa.R.Crim.P. 323 was applicable in a case involving summary offenses); *see also Commonwealth v. Epoca,* 447 Pa.Super. 183, 668 A.2d 578 (1995) (court considered and affirmed lower court's denial of motion to suppress evidence in underage drinking case). In the absence of such authority, we decline to draw distinctions limiting the rights of defendants charged with summary offense cases.[3]

 ¶ 9 Furthermore, appellant may have been prejudiced by the lower court's refusal to consider his motion to suppress. Appellant's motion specifically sought to suppress evidence of his breath samples and the results of the PBT. The evidence supporting appellant's conviction for underage drinking would have been insufficient in the absence of the results of the PBT. *Compare Commonwealth v. Williamson,* 532 Pa. 568, 616 A.2d 980 (1992) (evidence that defendant's breath smelled of alcohol and that kegs of malt beverage and an open beer can were in the vicinity of defendant at time of issuance of citation was insufficient, as a matter of law, to alone sustain defendant's conviction for underage drinking); *with Allen, supra* (the results of a PBT create a rebuttable pre-

sumption that defendant consumed alcoholic beverages for purposes of offense of underage drinking). Thus, if appellant's motion to suppress had required the suppression of the results of the PBT, the evidence would have been insufficient to support his conviction. The lower court's refusal to consider the issues presented in appellant's motion to suppress, therefore, constituted reversible error.

¶ 10 That being the case, we vacate the judgment of sentence and remand for consideration of appellant's pre-trial motion to suppress. If the trial court determines that the challenged evidence was obtained under constitutionally permissible circumstances, it should reinstate the judgment of sentence. However, if the trial court determines that the challenged evidence is subject to suppression, then a new trial shall be granted. *See Commonwealth v. Westerfer,* 294 Pa.Super. 459, 440 A.2d 556 (1982).

¶ 11 Judgment of sentence vacated. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.

---

**3.** We note that we do not find that the lower court committed procedural error in not conducting a separate suppression hearing. Rather, we hold that the lower court erred by

refusing to consider the issues raised in appellant's motion to suppress or entertain testimony regarding the validity of those claims.