COMMONWEALTH of Pennsylvania, Appellee

v.

Marc P. BRIGIDI, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 28, 2009.

Filed July 6, 2009.

---

David M. Manilla, Worcester, for appellant.

Adrienne Jappe, Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: KLEIN, SHOGAN, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Marc P. Brigidi, appeals from the judgment of sentence to pay a fine of $150.00, a sentence imposed after the trial court found him guilty of the summary offense of consuming alcoholic beverages while under the age of twenty-one years.[1] We vacate the judgment of sentence and remand this case for proceedings consistent with this Opinion.

¶ 2 On May 5, 2007, at approximately 11:00 p.m., Officer Christian Fiedler of the Upper Dublin Township Police Department and his partner investigated an alleged underage drinking party at a home located on Ft. Washington Avenue, Upper Dublin Township, Montgomery County, Pennsylvania. Upon entering the residence, Officer Fiedler observed numerous cases of beer, as well as beer and liquor bottles strewn throughout the house. The officers proceeded to "round up" nineteen persons who were in attendance at the party. Officer Fiedler then administered a breath test to each of the nineteen persons, using a "prearrest breath testing (PBT)" device. The PBT test of appellant registered a blood-alcohol content of .144%. Since appellant was then sixteen years of age, having been born on September 2, 1990, he was issued a summary citation for underage consumption of alcoholic beverages. Appellant challenged his citation and a hearing was held before a Magisterial District Judge on October 29, 2007, at the conclusion of which appellant was found guilty and ordered to pay a fine and costs. A timely appeal was filed with the Court of Common Pleas of Montgomery County, and the matter proceeded to a nonjury trial *de novo* on February 21, 2008. At that trial the Commonwealth's evidence consisted of a single witness, Officer Fiedler, who testified to the events of the night of May 5, 2007, the administration of the alcohol breath test, and the result obtained therefrom. On February 29, 2008, the trial judge issued a written verdict declaring appellant guilty, and imposing a fine of $150.00, plus the costs of prosecution. This appeal followed.

¶ 3 Appellant, in the brief filed in support of this appeal, presents the following questions for this Court's review:

Did the [trial] court err in admitting the findings of the PBT in the absence of testimony or evidence recording the machine's calibration, certification, and training as well as a sufficient foundation as to the method(s) employed during its use?

1. 18 Pa.C.S. § 6308.

Did the [trial] court err in taking judicial notice by accepting a broad name, "Alco–Sensor," rather than the specific model?

Was the evidence sufficient to convict?

Did the testing of all party goers (nineteen total) without proper foundation or indicia of alcohol consumption, checking of mouth for contents, without further signs of alcohol consumption in the manner described constitute a suspicionless detention, while six confessed [sic] to not drinking, showed no signs of ingestion, but were also tested [constitutes] a search of all party goers without suspicion of any particular person(s)?

Brief of Appellant, p. 4.

¶ 4 We note at the outset of our consideration of these questions that, as urged by the Commonwealth, the brief filed by the appellant does not fully comply with the applicable Rules of Appellate Procedure. *See:* Pa.R.A.P. 2101; *Commonwealth v. Maris,* 427 Pa.Super. 566, 629 A.2d 1014, 1017 (1993). However, since we can fairly discern that appellant is challenging (1) the decision of the trial court to admit the evidence obtained from the PBT device, and (2) the sufficiency of the evidence underlying his conviction, we will address those claims.[2]

¶ 5 We tarry not with the sufficiency claim, since this Court has previously held that unrebutted evidence of alcohol ingestion obtained from a PBT device, in conjunction with evidence of a defendant's minority age, is sufficient to establish the offense of underage consumption of alcohol. *See: Commonwealth v. Breslin,* 732 A.2d 629, 631 (Pa.Super.1999), citing *Com-*

*monwealth v. Allen,* 454 Pa.Super. 73, 684 A.2d 633 (1996).[3] *Compare: Commonwealth v. Myrtetus,* 397 Pa.Super. 299, 580 A.2d 42 (1990) (PBT device reading is not admissible to establish level of alcohol for purposes of determining guilt for driving while under the influence of alcohol). The PBT reading of appellant's breath alcohol content was .144%, and appellant offered no evidence at trial. Thus, since the evidence introduced by the Commonwealth was not disputed, the contention that the evidence was insufficient is baseless. Therefore, appellant's only basis for relief is his two-pronged argument that the trial court erred in permitting the Commonwealth to introduce the incriminating results from the PBT device utilized by the arresting officer.

¶ 6 Appellant argues that the "evidence" that the Commonwealth derived from the prearrest breath test (PBT) device should have been ruled inadmissible because the Commonwealth failed to (1) establish that the device used by Officer Fiedler was an approved device or (2) that the device had been "calibrated" to ensure its accuracy.

¶ 7 The use of electronic devices to measure alcohol content by breath is authorized by section 1547 of the Vehicle Code. The statute provides in relevant part:

(c) **Test results admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as

---

**2.** It also bears observation that the final issue presented by appellant, however inartfully phrased, focuses upon the search of the other partygoers, a police action for which he has no standing to object.

**3.** This Court, in *Commonwealth v. Allen,* 454 Pa.Super. 73, 684 A.2d 633 (1996), held that evidence from a PBT device is admissible in an underage drinking prosecution and creates a rebuttable presumption that defendant engaged in the consumption of prohibited alcoholic beverages.

shown by chemical testing of the person's breath, blood or urine, *which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.*

(1) *Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the Departments of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation.* For purposes of breath testing, a qualified person means a person who has fulfilled the training requirement in the use of the equipment in a training program approved by the Departments of Health and Transportation. A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

. . .

(k) **Prearrest breath test authorized.**—*A police officer,* having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, *may require that person prior to arrest to submit to a preliminary breath test on a device approved by the Department of Health for this purpose.* The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title.

75 Pa.C.S. § 1547(c)(1), (k) (emphasis supplied). Thus, the statute is clear that any alcohol measuring breath device must be "approved" and "calibrated" prior to its results being "admissible in evidence." 75 Pa.C.S. § 1547(c).

¶ 8 Pursuant to the authorization of this enabling statute, the Commonwealth's Department of Health approved specific "prearrest" breath testing devices and identified those approved devices in the Pennsylvania Bulletin. Those approved devices include the following:

Intoximeters, Inc., St. Louis, MO
    Alco–Sensor
    Alco–Sensor III
    Alco–Sensor Light Display

Pennsylvania Bulletin, Volume 35, No. 18, 2694–2695 (April 30, 2005) (footnote omitted). At trial, the Commonwealth averred that the arresting officer used a "recognized device," [4] in testing appellant, and sought to have the device specifically identified by the officer, in the following exchange:

[COMMONWEALTH COUNSEL]: What type of PBT was used?

[OFFICER FIEDLER]: It was an Alco–Sensor.

[DEFENSE COUNSEL]: Objection, that's inadequate. That's like saying it was an automobile, Your Honor.

[COMMONWEALTH COUNSEL]: Your Honor, in the Bulletin under the different types of portable breath tests which may be used—and I believe the number referred to by [defense counsel] was sixteen—there is one made by Intoximeter, Incorporated, out of St. Louis, Missouri, that is referred to as the Alco–Sensor. That is the model name as well as the brand.

[DEFENSE COUNSEL]: Your Honor, that is absolutely incorrect. That may

---

4. N.T., February 21, 2008, p. 10.

be what is printed but that is not what is accurate. I represented that manufacturer. There is one, two, three, four, five and they are working on the sixth. Now, we have to know which was one was used because they are not all accepted.

THE COURT: Well, why don't we do this. Let's have [the Commonwealth] try [its] case. You may be able to win this on the basis of a record or a demurrer or whatever. I don't know. I suspect you are going to have to give me some law about it.

Let [the Commonwealth] put [its] case on and we will go from there. Proceed.

[COMMONWEALTH COUNSEL]: When you say the Alco–Sensor, is that the standard Alco–Sensor or model without any additional word or suffixes or numbers after Alco–Sensor?

[DEFENSE COUNSEL]: Objection, leading

THE COURT: Describe the Alco–Sensor or PBT you are referring to, Officer.

[OFFICER FIEDLER]: As far as a physical description, Your Honor?

THE COURT: I am not trying the case. I am trying to move the matter along.

[COMMONWEALTH COUNSEL]: *Describe as best you can the title of the type of Alco–Sensor you used.*

[OFFICER FIEDLER]: *As far as I know, it's an Alco–Sensor. That is what I believe the actual name of it is.*

N.T., February 21, 2008, pp. 10–12 (emphasis supplied). Subsequently, during cross-examination, the officer was asked whether he had recorded the serial number of the device he used, or whether he could individually identify the PBT device he used, to which he responded, "no". *Id.* at p. 21.

■ ¶ 9 Appellant now argues that the testimony of Officer Fiedler was inadequate to identify the device used by him and, therefore his testimony should have been barred. We disagree. Officer Fiedler unequivocally identified the PBT device that he used as "an Alco–Sensor," which is one of the approved devices specifically described in the Department of Health notice. While we are mindful that counsel for appellant argued strenuously to the trial court that there were various Alco–Sensor models, some of which were not approved, he produced no evidence in support of that naked assertion. Therefore, since the trial judge had before him testimony from a credible witness that he used a device that was specifically described on the approved list of PBT devices, and had no countervailing evidence, we detect no support for the claim that the trial court erred in concluding that Officer Fiedler utilized an approved PBT device.

■ ¶ 10 Appellant further argues that the trial court should have precluded the admission into evidence of the results obtained from the PBT device on the grounds that the device had not been calibrated as required by the enabling statute. In addressing this question, it bears remarking at the outset that the Commonwealth proceeded to trial under the belief that it did not have to show that the PBT device had been "calibrated," [5] and presently argues in its brief to this Court that this Court's decision in *Commonwealth v. Allen,* 454 Pa.Super. 73, 684 A.2d 633 (1996), stands for the principle that "the

---

5. During the Commonwealth's questioning of Officer Fiedler the following exchange evinces the Commonwealth's belief that calibration of the device was not required:

[COMMONWEALTH COUNSEL]: Finally, the Alco–Sensor model you referred to, *is it your understanding that that is a model which is on a list of approved models that doesn't have to be calibrated?*

[OFFICER FIEDLER]: Yes it is.

N.T., February 21, 2008, p. 37 (emphasis supplied).

stringent requirements of calibration and certification are not required in cases of underage consumption of alcohol." Brief of Commonwealth, p. 13. However, the Commonwealth's citation to *Allen* is inapposite, since in *Allen* this Court did not specifically address the issue of calibration, but limited its inquiry to the issue of whether the results of a preliminary breath test (PBT) derived from a test authorized under the Vehicle Code was admissible to support a charge of underage drinking brought under the Crimes Code.

¶ 11 Turning to the issue of calibration, we must be mindful of the following explicit language of the enabling statute, which provides that, in order to provide "admissible" evidence "breath test devices *shall* have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation." 75 Pa.C.S. § 1547(c)(1) (emphasis supplied). Officer Fiedler testified that the device he used had not been calibrated.[6] Therefore, since the test results were the critical evidence of guilt, the admission of that evidence constituted prejudicial error, and appellant is entitled to a new trial.[7]

¶ 12 Judgment of sentence vacated. Case remanded for proceedings consistent with this Opinion.

¶ 13 KLEIN, J., FILES A DISSENTING STATEMENT.

6. During cross-examination Officer Fiedler testified as follows:
> [DEFENSE COUNSEL]: The unit that you used that evening, was it calibrated?
> [OFFICER FIEDLER]: Not as far as I know.
>
> * * * *
>
> [DEFENSE COUNSEL]: And this is the same unit we don't know if it was calibrated as well; correct?
> [OFFICER FIEDLER]: I don't believe it has to be calibrated.
> [DEFENSE COUNSEL]: But the question is, you don't know if it was calibrated?

## DISSENTING STATEMENT BY KLEIN, J.

¶ 1 Because counsel obviously never bothered to look at the Rules of Appellate Procedure and violated many of them in preparing his brief, I would quash the appeal on that basis. Accordingly, I dissent.

> [OFFICER FIEDLER]: No, I believe it wasn't, but I'm not positive.
> THE COURT: Meaning it wasn't calibrated by you?
> [OFFICER FIEDLER]: Correct.
> N.T., February 21, 2008, pp. 22, 32.

7. Since the results from the PBT device constituted the sole evidence of appellant's alcohol ingestion, any effort to retry appellant would appear to be futile. Thus, in the interest of preserving scarce judicial resources, upon remand, the charges against appellant might well be dismissed by the trial court.